# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| ANTHONY AND WANDA DONALDSON, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, and GMAC LLC,<br><br>Defendants. | CIVIL ACTION NUMBER:<br><br>(Removed from Circuit Court of Muscogee County, Georgia SU 09 CV3359D) |

## NOTICE OF REMOVAL

Defendant GMAC Mortgage LLC and the defendant improperly named as GMAC LLC, pursuant to 28 U.S.C. § 1441, hereby remove this action to the United States District Court for the Middle District of Georgia, Columbus Division. As grounds for this removal, Defendants state:

### PROCEDURAL BACKGROUND

1. Plaintiffs Anthony Donaldson and Wanda Donaldson ("Plaintiffs") filed this class action case in the Superior Court of Muscogee County, Georgia, on August 26, 2009.

2. Defendant GMAC Mortgage, LLC was first served with process in this case when it was served a copy of the Class Action Complaint on September 11, 2009. There is no entity currently known as GMAC LLC, as alleged in the complaint. GMAC LLC is now known as GMAC, Inc. GMAC, Inc. was first served with process in this case when it was served with a copy of the Class Action Complaint on September 14, 2009.

1

3. This notice of removal is timely pursuant to 28 U.S.C. §1446(b), because it is filed within thirty (30) days of the service of Plaintiffs' Class Action Complaint, and because this action was commenced less than one (1) year ago.

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendant or defendants sued under fictitious names shall be disregarded.

5. As shown herein, this case is properly removable because this Court has both diversity jurisdiction and federal question jurisdiction over the matter.

## DIVERSITY OF CITIZENSHIP

6. This class action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act), which provides in pertinent part as follows:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

7.     The Class Action Fairness Act ("CAFA") amended 28 U.S.C. § 1332 to provide for original federal jurisdiction over, *inter alia*, class actions in which the number of members of the proposed plaintiff class is 100 or more; there is diversity of citizenship between any one member of the plaintiff class (named or unnamed) and any defendant; and the amount in controversy (which may be calculated by aggregating the claims of all class members) exceeds $5 million. The Class Action Complaint herein satisfies each of these requirements.

8.     The number of members in Plaintiffs' proposed class is more than 100. Plaintiffs purport to represent a class of "all Georgia persons and/or Georgia entities who paid property inspection fees, late fees, and/or any other improper and/or excessive fees paid by Plaintiffs to Defendants and/or any of their predecessors and affiliates, including but not limited to Homecomings Financial, LLC and Homecomings Financial Network, Inc." Complaint, ¶ 14. Plaintiffs allege "[t]he total number of members of the putative class exceeds two hundred (200) members." Complaint, ¶ 18. In fact, as of September 30, 2009, there more than 1000 borrowers in the State of Georgia whose loans were housed on GMAC Mortgage's servicing system and who had paid at least one property inspection fees or at least one late fee. (Aff. of A.Flietas, ¶ 3, Ex. A). Plaintiffs' proposed class thus satisfies the requirement of 100 or more class members.

9.     The minimal diversity requirement under CAFA is also satisfied.

10.     GMAC Mortgage LLC is now, and was at the time of the commencement of this action, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Minnesota. The sole member of GMAC Mortgage LLC is GMAC, Inc. GMAC, Inc., is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Michigan. There is no entity currently known as

GMAC LLC. That entity is now known as GMAC, Inc. which, as shown above, is a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. For diversity purposes, therefore, Defendants are citizens of Delaware and Michigan.

11. Plaintiff Anthony Donaldson is a citizen of the State of Georgia. Complaint, ¶ 10. Plaintiff Wanda Donaldson is a resident citizen of the State of Alabama. Complaint ¶ 10. The class that Plaintiffs purport to represent is comprised only of Georgia residents and entities. Complaint, ¶ 14.

12. The minimal diversity requirement is therefore satisfied because a member of the putative class is a citizen of a State different from the States of which a defendant is a citizen. 28 U.S.C. § 1332(d)(2)(A).

13. The amount in controversy requirement is satisfied because the matter in controversy exceeds $5,000,000, exclusive interest and costs. 28 U.S.C. § 1332(d)(2).

14. Plaintiffs seek damages for all late fees and property inspection fees paid to Defendants by the putative class members. *See, e.g.*, Complaint, ¶¶ 3, 4, 27, 28, 44, 47, 49. Plaintiffs seek treble damages. Complaint, "WHEREFORE" clause following ¶ 44. In addition, Plaintiffs seek "statutory damages equal to the recovery of two times the interest paid under each loan, punitive damages, costs and reasonable attorneys' fees." Complaint, ¶ 65. During the past year alone, GMAC Mortgage LLC has collected interest from loans in the State of Georgia, under which the borrower paid at least one late fee, totaling more than $5,000,000 on all such loans collectively. (Aff. of A. Fleitas, ¶ 4, Exh. A). Plaintiffs seek twice that amount only on the interest component of their damages claim. Complaint ¶ 65. The amount in controversy in this action therefore exceeds the $5,000,000 jurisdictional threshold. 28 U.S.C. § 1332(d)(2).

4

15. The amount in controversy requirement is satisfied for the additional reason that more than $75,000, exclusive of interest and costs, is in controversy with respect to the claims of one or more of the individual class members.

16. There are more than 10 borrowers in Georgia who have (a) paid at least one late fee to GMAC Mortgage during the course of their loan, and (b) paid more than $37,500 in interest to GMAC Mortgage over the last four years. (Aff. of A. Fleitas, ¶ 4, Exh. A). Plaintiffs seek damages of twice the amount of the interest paid by each of those borrowers. Complaint, ¶ 65. Thus, more than $75,000, exclusive of interest and costs, is in controversy with respect to each of those individual class members.

17. Because more than $75,000, exclusive of interest and costs, is in controversy with respect to one or more individual class members, the amount in controversy requirement is satisfied irrespective of whether $5,000,000 is in controversy in the aggregate. The Court is authorized, pursuant to 28 U.S.C. § 1367(a), to exercise supplemental jurisdiction over the claims of all class members who do not satisfy the jurisdictional threshold. *See, e.g., Forest v. Penn Treaty American Corp.*, 270 F.Supp. 2d 1357, 1364-65 (M.D. Fla. 2003); *Chapman Funeral Homes, Inc. v. Nat'l Linen Service*, 178 F. Supp. 2d 1247, 1250 (M.D. Ala. 2002).

## FEDERAL QUESTION

18. 28 U.S.C. § 1441(a) provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

19. Plaintiffs claim that Defendants violated Georgia's RICO statute, OCGA § 16-4-1 et seq., and that Defendants engaged in a pattern of "racketeering activity." Complaint, ¶¶ 1, 8,

35-44. In support of those claims, Plaintiffs allege that Defendants violated federal law. Specifically, they claim Defendants violated Georgia's RICO statute by: "Unlawfully sending, causing to be sent and receiving letters, checks and other paper and items, including mortgage account statements sent through the United States Postal Service, for the purpose of executing and attempting to execute Defendants' fraudulent scheme in violation of 18 U.S.C. § 1341" and "Unlawfully causing to be sent and receiving writings (contracts, letters, and invoices) and sound communications (including but not limited to telephone calls, facsimile transmissions, and bank wire transfers) for the purpose of executing and attempting to execute Defendants' fraudulent scheme in violation of 18 U.S.C. § 1343." Complaint, ¶ 39(c) and (d).

20. Plaintiffs' allegations present a federal question. Plaintiffs allege and must prove their federal mail and wire fraud claims as predicate acts to or as an essential element of their Georgia RICO claims. These allegations and proof of federal wire fraud claims involve a substantial federal question.

21. Because Plaintiffs' claims involve a substantial question of federal law, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(b), without regard to whether diversity jurisdiction also exists. *See Ayres v. General Motors Corp.*, 234 F.3d 514, 520 (11th Cir. 2000). The Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims of Plaintiffs and the putative class members over which it does not possess original jurisdiction.

## CONCLUSION

22. In compliance with 28 U.S.C. § 1446(a), Defendants have attached hereto as Exhibit B the entire Superior Court file which constitutes all process, pleadings, and orders served upon Defendants.

23. A copy of this notice is being filed with the Clerk of the Superior Court of Muscogee County, Georgia, as required under 28 U.S.C. § 1446. Defendants are also giving prompt written notice to Plaintiffs of the filing of this notice of removal.

24. Defendants reserve the right to supplement the Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

WHEREFORE, Defendants ask that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior County of Muscogee Court, Georgia to the United States District Court for the Middle District of Georgia, Columbus, Division.

Respectfully submitted this, the 9th day of October, 2009.

_____
Attorney for Defendant
GMAC Mortgage LLC and the Defendant
Improperly named as GMAC LLC

OF COUNSEL
Robert R. Maddox (GA Bar No. 465505)
John E. Goodman
Richard H. Monk III (GA Bar No. (557208)
Bradley S. Burleson
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

CERTIFICATE OF SERVICE

   I hereby certify that on October 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Rodney E. Miller
  McCallum, Methvin & Terrell, P.C.
  2201 Arlington Avenue South
  Birmingham, AL 35205

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  None.

_____