POSTED

# General Civil Case Filing Information Form (Non-Domestic)

Court
☐ Superior
☐ State

County **Muscogee**
Date Filed **8/26/09**
MM-DD-YYYY

Docket # **SU09CV3359D**

**Plaintiff(s)**

| Last | First | Middle I. Suffix Prefix | Maiden |
|---|---|---|---|
| Donaldson | Anthony | | 9966080 |
| Donaldson | Wonda | | 9966099 |

**Defendant(s)**

| Last | First | Middle I. Suffix Prefix | Maiden |
|---|---|---|---|
| GMAC | Mortgage, LLC | | 922262 |
| GMAC | LLC | | 9369082 |

No. of Plaintiffs **2**

No. of Defendants **2**

Plaintiff/Petitioner's Attorney     ☐ Pro Se

**Miller   Rodney F**
Last       First       Middle I   Suffix

Bar # **779467**      9966102

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

AUG 26 2009

DEPUTY CLERK
M. LINDA PIERCE, CLERK

**Check Primary Type (Check only ONE)**

☑ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☐ Other General Civil Specify

**If Tort is Case Type:**
(Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify

Are Punitive Damages Pleaded? ☑ Yes ☐ No

**EXHIBIT
B**

MUSCOGEE COUNTY SUPERIOR COURT
STATE OF GEORGIA

ANTHONY AND WANDA DONALDSON,
individually and on behalf of all persons
similarly situated,

        Plaintiffs,

v.

GMAC MORTGAGE, LLC, AND
GMAC LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

AUG 2 6 2009

_____
DEPUTY CLERK
M. LINDA PIERCE, CLERK

Civil Action File No.:

SU 09 CV3359D

## CLASS ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

COME NOW Plaintiffs, ANTHONY AND WANDA DONALDSON (hereinafter "Plaintiffs") and bring this Complaint seeking damages and other relief on behalf of themselves individually, and as representatives of the class of victims described herein, against GMAC MORTGAGE, LLC and GMAC LLC (hereinafter "Defendants"). In support of Plaintiffs' claims, Plaintiffs state the following:

## INTRODUCTION

1.      Defendants have improperly and wrongfully charged and collected fees from Plaintiffs and putative class members which are in violation of the contracts and are otherwise improper as set out herein. The fees are unlawful, fraudulent, deceitful, excessive, unnecessary, mischaracterized, unconscionable, and misleading. Defendants' wrongful conduct also constitutes a pattern of racketeering activity by which Defendants unlawfully and improperly acquired Plaintiffs and putative class members' money and property, in violation of Georgia's RICO statute, OCGA § 16-4-1 et seq.

2.      Defendants assess these improper fees, costs and charges to borrowers' accounts in

order to maximize their profits, and with the goal of putting borrowers into default status. Defendants then demand payment in various contexts including, without limitation, Mortgage Account statements, reinstatement demands, payoff statements, collection letters and collection calls. Defendants collect the improper charges from borrowers' monthly payments, and also from the proceeds of foreclosure sales and loan payoffs.

3.      Defendants charge customers, including Plaintiffs, excessive late fees. The amount of such late fees is not rationally related to any damage caused by paying late and constitutes a "penalty" under the law. The amount of such fee is in violation of OCGA § 7-6A-3. Customers are forced to pay this fee because Defendants often do not process checks received through the mail in a reliable or timely fashion, resulting in additional fees. The amount of such fees is excessive.

4.      Defendants charge customers multiple, unnecessary "property inspection" fees, sometimes on a monthly basis, and sometimes multiple times in one month. Defendants, in many instances, never perform the property inspection. The property inspection fees are always in an amount in excess of the actual cost of the alleged "property inspection."

5.      Defendants structure account statements in a way that makes it extremely difficult or impossible for borrowers to determine how much they owe, or how any mortgage payment will be allocated. When customers call for clarification, or to correct a charge they believe is in error, Defendants divert customers through a remote, understaffed and undertrained call center hotline. Customers seldom or never talk with the same representative twice, and the representative on the line is almost always looking at the customer's account for the first time. Defendants' representatives regularly refuse or fail to provide necessary information or to correct problems.

6.      The improper charges described herein have a snowball effect, often forcing the

2

consumers into default status and foreclosure, resulting in further improper and unauthorized fees and charges. Defendants, in violation of the contracts and in violation of law, apply Plaintiffs and putative class members payments first to the improper fees, instead of to interest, then principal, then the improper fees. Such methodology increases the amount owed, thereby improperly placing accounts in default and foreclosure. Such conduct is in violation of applicable law, including OCGA § 7-4-17.

7.      Defendants routinely treat borrowers as if the borrowers are in default on their loans, even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements. Defendants have charged Plaintiffs and putative class members other wrongful and excessive charges, but Defendants hide the true nature of such fees by showing on the transaction history only "Fee Paid."

8.      Plaintiffs' home-secured loan was serviced by Defendants during the period covered by this action, and Plaintiffs were assessed improper charges by Defendants, as detailed herein. The mortgage loan was entered into in Muscogee County, Georgia. Defendants, by and through various agents and employees, made misrepresentations at this time and after the loan closing, suppressed material facts from Plaintiffs at this time and after the closing, and engaged in other misconduct as set out herein. Plaintiffs relied upon such fraud, reasonably believed that Defendants would not engage in the misconduct alleged herein, and were proximately damaged as a result. Defendants' wrongful conduct directed toward Plaintiffs and putative class members constitutes a breach of contract and, further, constitutes a pattern of racketeering activity as prohibited by OCGA § 16-4-1 et seq.

## VENUE/JURISDICTION

9.      The Superior Court for Muscogee County, Georgia is the proper venue for this action and such Court has jurisdiction over this action.  Plaintiffs' claims arose in Muscogee County, Georgia, and the Defendants do business in Muscogee County and have received and continue to receive substantial revenue and profits from the improper fees charged and collected in this County. The property which is the subject of the mortgage at issue is located in Columbus, Georgia, which is in Muscogee County.

## PARTIES

10.     Plaintiff Anthony Donaldson is a resident citizen of Muscogee County, Georgia. Plaintiff Wanda Donaldson is a resident citizen of Alabama.

11.     Defendant GMAC Mortgage, LLC is a Delaware corporation authorized to do business in Georgia with its principal place of business in Minneapolis, Minnesota.  Defendant GMAC LLC is a Delaware corporation authorized to do business in Georgia with its principal place of business in Detroit, Michigan.  Defendants currently service all mortgages for Homecomings Financial, LLC ("HF") and/or Homecomings Financial Network, Inc ("HFN").

12.     Defendants do business in Muscogee County, Georgia and Defendants conspired with each other by charging and collecting money from the improper fees and sharing such ill-gotten gains amongst the conspirators.  All of the Defendants were and are active participants in the unlawful conduct alleged herein.

13.     At all relevant times, Defendants were agents, representatives and/or employers of each other. In committing the wrongful acts alleged herein, Defendants were acting with the consent, permission, authorization and knowledge of each other and perpetrated and/or conspired with and/or

4

aided and abetted the unlawful, improper, and fraudulent acts as alleged herein.

## CLASS ACTION ALLEGATIONS

14.     Plaintiffs bring this action as a Georgia class action pursuant to Georgia Code § 9-11-23. This class is defined as follows: "all Georgia persons and/or Georgia entities who paid property inspection fees, late fees, and/or any other improper and/or excessive fees paid by Plaintiffs to Defendants and/or any of their predecessors and affiliates, including but not limited to Homecomings Financial, LLC and Homecomings Financial Network, Inc." Plaintiffs' claims are based solely upon Georgia state law causes of action.

15.     Plaintiffs exclude from the putative class the following: Defendants, any entity in which a Defendant has a controlling interest and any agents, employees, officers and/or directors of a Defendant or any other such entities and their representatives, heirs, successor and/or assigns, as well as any person and/or entities who paid the improper fees to Defendant and who are or were in bankruptcy and received a discharge within the statute of limitations period prior to the filing of this complaint, any member of the judiciary, any entity in which any member of the judiciary owns a controlling interest, and any governmental agency or entity. Plaintiffs reserve the right, pursuant to applicable law, to create sub-classes if necessary.

16.     Plaintiffs are unaware of the exact number of class members at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Defendants and their agents.

## COMMON QUESTIONS OF LAW OR FACT

17.     Common questions of law and fact exist with regard to the putative class. Such common questions of law and fact predominate over any questions affecting only individual

5

members of the class.  Such common questions are as follows:

    a.    Whether Defendants violated Georgia RICO law, OCGA § 16-14-1 *et seq.*

    b.    Whether Defendants uniformly and consistently charged the improper fees to Plaintiffs and putative class members.

    c.    Whether such improper fees paid by Plaintiffs and putative class members are and were excessive.

    d.    Whether the fees at issue in this case are designed to be pure profit for Defendants.

    e.    Whether the charging and collection of the fees at issue in this case constitute a violation of Georgia RICO law and/or a breach of contract.

    f.    Whether Defendants' actions constitute "racketeering" under Georgia RICO law.

    g.    Whether it would be unjust for the Defendants to retain the monies received from the unlawful and excessive fees at issue in this case.

    h.    Whether Defendants conspired to commit the wrongful acts alleged herein.

    i.    Whether Plaintiffs and putative class members are entitled to class relief as requested herein.

    j.    Whether the amounts of the fees at issue herein are excessive under the terms of the contract and/or applicable law.

    k.    Whether Defendants assessed and collected improper and/or excessive fees as set out herein.

    l.    Whether Defendants have ceased charging the unlawful and excessive fees

at issue in this case.

m.   Whether an injunction is necessary to keep Defendants from charging and collecting the unlawful and excessive fees in this case.

n.   Whether the amount of the improper fees charged by Defendants bear any relation to any cost incurred by Defendants.

o.   Whether the fees at issue in this case and the amount of the fees are unconscionable.

p.   Whether the fees at issue are charged in a uniform and consistent manner.

q.   Whether Defendants use form documents to perpetrate the wrongful conduct set out herein.

18.   Plaintiffs' claims are typical of the claims of the members of the class, and Defendants' defenses to Plaintiffs' claims are typical of their defenses to the claims of all class members. Plaintiffs have retained class counsel competent to prosecute class actions and such class counsel are financially able to represent the class. The total number of members of the putative class exceeds two hundred (200) members.

19.   The class action mechanism is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all members of the class is impracticable. The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court. The interests of judicial economy favor adjudicating the claims for the Plaintiff class rather than for the Plaintiffs on an individual basis.

20.   In this case, questions of law and fact predominate over any questions affecting only individual members.

## FACTUAL ALLEGATIONS

21.     Plaintiffs and putative class members each have or had a mortgage serviced by Defendants. Defendants have engaged in the unfair, unlawful, fraudulent, wrongful and deceptive practice of adding and/or force-placing the fees on plaintiffs' and putative class members' accounts. This conduct also constitutes a pattern of racketeering activity by which Defendants unlawfully and improperly acquired Plaintiffs' and putative class members' money and property, in violation of Georgia's RICO statute, OCGA § 16-4-1 *et seq.*

22.     The right to service these mortgage loans closed through a local lender is often farmed out to a third-party "mortgage servicer," such as the Defendants, who only profit from the fees and other charges that can be generated on servicing the mortgages.  According to a study done by the Mortgage Bankers Association of America, mortgage servicers average only $60 per loan per year in net profit.  Thus, they have a strong incentive to impose any fees and charges they can to increase their profit margin.

23.     Defendants service loans on behalf of mortgage lenders, not Plaintiffs and the putative class.  Defendants' "customers" are a captive audience.  The customers have no choice in who services their loans.  They have no option to changes servicers if they are unhappy in any way.

24.     Because their "customers" have no way out, Defendants also have no incentive to offer good customer service.  Because Defendants have demonstrated that they will force customers into default and foreclosure, Plaintiffs and the putative class are forced to pay the illegal, unnecessary and excessive charges.

25.     Mortgage servicing abuses, such as those alleged herein, are standard operating procedure for Defendants and certain other mortgage servicers, as part of their goal to maximize

8

profits on the backs of struggling homeowners.  Defendants make even more profit if a loan goes into default, because Defendants can charge additional fees, including but not limited to demand fees, property inspection fees, late fees, overnight delivery fees, fax fees, attorneys fees, and payoff statement charges.

26.     Throughout the time relevant hereto, Defendants have engaged in a uniform scheme and course of conduct to inflate their corporate profits by charging and collecting various fees not authorized by the loan documents or applicable law and/or by charging and collecting excessive fees. The components of this scheme involve common tactics, including, but not limited to:

      a.     Communicating with the Plaintiffs and putative class members in an uniform and consistent manner, by mail, facsimile and electronically, either via the internet and/or through electronic mail, and demanding payment for such improper and excessive fees;

      b.     Assessment of unnecessary and unauthorized fees through the wrongful application of uniform and consistent contractual provisions; and

      c.     Other misconduct as set out herein.

27.     Defendants charge Plaintiffs and putative class members improper and excessive late fees.  Such late fees are not designed to compensate Defendants for any cost incurred from the late payment, but are, in fact, "penalties" under applicable law.  Customers are forced to pay late fees because Defendants lose payments, and Defendants often fail to process checks and money orders received through the mail in a timely fashion.  Thus, Plaintiffs and the putative class members are paying unnecessary and excessive amounts for late fees.  Defendants also charge late fees in excess of that permitted by the loan documents and applicable law.

28.     Defendants charge customers multiple, unnecessary, and excessive "property inspection" fees, often on a monthly basis, without any notice that customers' property was being inspected, or any explanation of why any inspection was necessary.  If customers of the putative class call to ask why the fee was assessed, Defendants' employees are trained to respond that they send people to drive by their homes to confirm that someone is still living there.  In reality, the monthly inspections are never done, even though Defendants claim otherwise.  Even if some of the property inspections are done, the amount Defendants charge is well in excess of the cost of the property inspections.  Such  excessive fees are not permitted by contract or law.

29.     Defendants represent the improper fees as legitimate charges and/or as recoupment of expenses incurred when, in fact, such fees constitute nothing more than pure profit or have no logical connection to the expenses actually incurred by Defendants.

30.     Plaintiffs, after receiving Mortgage Account statements from Defendants, paid such improper fees as set out herein.  Plaintiffs payments were credited on at least the following dates: 2/28/07, 6/20/07, 6/28/07, 7/12/07, 2/4/08, 2/8/08 (4 fees paid), 3/6/08 (6 fees paid) and 5/29/09.

## DEFENDANTS' SETTLEMENT WITH THE WEST VIRGINIA ATTORNEY GENERAL

31.     Defendants currently service mortgages for HC and/or HFN.  Upon information and belief, Defendants are also successors in interest to at least one of the Homecomings entities and at all times relevant hereto Defendants and both Homecomings entities have been affiliated entities. HFN entered into an "Assurance of Discontinuance" with the West Virginia Attorney General dated January 5, 2005.  In such settlement agreement, HFN agreed as follows:

> Paragraph 7(b).  All amounts hereafter paid by borrowers to Homecomings in connection with a consumer loan shall be posted

10

upon receipt against payments due, and prior to crediting taxes, insurance or fees.....

Paragraph 7(d)......Homecomings shall not charge to consumers absent a foreclosure sale attorneys fees, property inspection fees, brokers price opinion fees, and other fees not allowed by statute.

Paragraph 10. Homecomings agrees to take the following actions with respect to all West Virginia accounts that it serviced for the period beginning January 1, 1999, up to and including the present:

    a)    Homecomings shall issue account credits or refunds, as applicable, to all West Virginia consumers from whom it collected or charged any of the fees or charges that Homecomings has agreed not to assess in paragraph 7(d) above.

32.    HFN has already agreed, at least with respect to West Virginia residents, that it is improper to charge property inspection fees when there is no foreclosure proceeding and HFN has further agreed to refund all such fees charged to West Virginia residents. HFN has further agreed to post payments in the proper order, that is, that payments should first be allocated to pay principal and interest first and fees last.

33.    The relief that HFN has already agreed to in West Virginia with regard to the property inspection fees and the posting of payments constitute some of the same relief sought with regard to this Georgia class.

## COUNT ONE

## VIOLATION OF GEORGIA "RICO" STATUTE

34.    Paragraph 1 through 33 are incorporated by reference.

35.    Defendants' conduct as set out herein constitutes violations of OCGA § 16-4-1 *et seq.* (hereinafter the "Georgia RICO statute").

11

36.   Plaintiffs are "persons" with the meaning of the Georgia RICO statute.

37.   Each Defendant is a "person" within the meaning of the Georgia RICO statute.

38.   Defendants are each separately, and collectively together, an "enterprise" within the meaning of the Georgia RICO statute. With regard to accounts which were serviced by HC and/or HFN but are now serviced by Defendants, HC and HFN were part of the enterprise along with Defendants. The enterprise also exists, with regard to the charging of the property inspection fees, between Defendants and the property inspection companies which allegedly receive all or a portion of the property inspection fees.

39.   In furtherance of their enterprise or enterprises, Defendants each separately, and/or collectively together, and/or in concert with their officers, directors, agent, employees, subsidiaries, and parent companies, engaged in prohibited and unlawful activity–or endeavored or conspired to engage in prohibited and unlawful activity–on two or more occasions. To the extent that any Defendant did not participate directly in the unlawful and/or improper acts, the Defendants knowingly and willfully aided and abetted these violations, or are vicariously liable for such wrongdoing. These unlawful acts include, but are not limited to:

a.   Unlawfully taking and appropriating Plaintiffs' money and property in violation of OCGA § 16-8-2 (theft by taking).

b.   Unlawfully obtaining Plaintiffs' money and property by deceitful means and artful practices with the intent to deprive them of property in violation of OCGA § 16-8-2 (theft by deception).

c.   Unlawfully sending, causing to be sent and receiving letters, checks and other papers and items, including mortgage account statements sent through the

United States Postal Service, for the purpose of executing and attempting to execute Defendants' fraudulent scheme in violation of 18 U.S.C. § 1341.

d.   Unlawfully causing to be sent and receiving writings (contracts, letters, and invoices) and sound communications (including but not limited to telephone calls, facsimile transmissions, and bank wire transfers) for the purpose of executing and attempting to execute Defendants' fraudulent scheme in violation of 18 U.S.C. § 1343.

e.   Sending deceptive commercial electronic mail in violation of OCGA § 16-9-101.

f.   Engaging in misconduct as set out herein relating to residential mortgage fraud, in violation of OCGA § 16-8-102.

40.   Defendants used standard, uniform documents in furtherance of their scheme. Each act Defendants engaged in constitutes a separate incident of "racketeering activity" within the meaning of the Georgia RICO statute. The multiple acts of racketeering activity were interrelated, were part of a common and continuous pattern of fraudulent acts and schemes, were perpetrated for the same or similar purposes, and were not a series of disconnected, isolated or sporadic acts. They were part of the regular and routine way in which Defendants conduct their business. The multiple acts constitute a pattern of racketeering activity. Defendants further intended to defraud Plaintiffs and putative class members with regard to the mortgages secured by real property as set out herein.

41.   Defendants each separately, and/or collectively together, engaged in the racketeering activity with the intent, motive, and/or effect of deriving pecuniary gain. Defendants targeted Plaintiffs in furtherance of their scheme to defraud.

13

42. Defendants, through this pattern of racketeering activity, directly or indirectly acquired the property and money of Plaintiffs and the putative class members. Plaintiffs and putative class members relied to their detriment on the fraud of Defendants in furtherance of Defendants' scheme.

43. Defendants' officers, directors, agents, and employees directly or indirectly participated in the enterprises through a pattern of racketeering activity.

44. Defendants' wrongful acts alleged herein proximately and directly caused damage to Plaintiffs and putative class members. Plaintiffs and putative class members' injuries flow directly from the predicate offenses set out herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of themselves and putative class members, seek to recover all damages allowable as a result of such violations, to include treble damages, punitive damages, interest and attorney fees.

## COUNT TWO

## BREACH OF CONTRACT

45. Paragraph 1 through 44 are incorporated by reference.

46. A contract existed between Plaintiffs and the Defendants and some putative class members and Defendants.

47. Defendants' unlawful conduct described herein constitutes a breach of contract for Plaintiffs and putative class members who entered into contracts with Defendants. Such breaches of contract are continuing as of the date of filing this action and have caused damage to Plaintiffs and putative class members.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of themselves and putative class members, seek to recover all damages as a result of such violations, plus interest.

14

## COUNT THREE

### SCHEME TO DEFRAUD/CONSPIRACY

48.    Paragraph 1 through 47 are incorporated by reference.

49.    Defendants entered into a scheme to defraud and conspired to defraud Plaintiffs and putative class members as set out herein and among themselves to accomplish the improper actions herein. With regard to accounts that were serviced by HC and/or HFN but are now serviced by Defendants, HC and/or HFN entered into a scheme to defraud and conspired to defraud Plaintiffs and/or putative class members. With regard to the property inspection fees, Defendants conspired with the property inspection companies which allegedly received all or a portion of the property inspection fees. Plaintiffs and putative class members have paid the improper fees to Defendants which have caused Plaintiffs and putative class members to be damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of themselves and putative class members, seek to recover all damages as a result of such violations, plus interest.

## COUNT FOUR

### UNJUST ENRICHMENT

50.    Paragraphs 1 through 49 are incorporated by reference.

51.    Defendants, under the circumstances set out herein, have been unjustly enriched at the expense of Plaintiffs and putative class members.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of themselves and putative class members, seek to recover all damages as a result of such violations, plus interest.

## COUNT FIVE

### DECLARATORY, EQUITABLE AND INJUNCTIVE RELIEF

52.    Paragraphs 1 through 51 are incorporated by reference.

53.    Plaintiffs and putative class members respectfully request that this Honorable Court declare Defendants' conduct as improper and in violation of Georgia law and to further enjoin Defendants from collecting such unlawful and excessive fees.

## COUNT SIX

### FRAUD & DECEIT

54.    Paragraphs 1 through 53 are incorporated by reference.

55.    At all relevant times, Defendants were under a duty not to misrepresent the true nature of the fees at issue.

56.    At all relevant times, the Defendants made material misrepresentations regarding the fees at issue which caused Plaintiffs and putative class members to pay such fees.  Plaintiffs and putative class members relied upon such misrepresentations.

57.    The Defendants intentionally misled Plaintiffs and putative class members regarding the true nature and purpose of the fees set out herein for the purpose of inducing customers to pay such fees.

58.    Defendants misled Plaintiffs and putative class members as follows:

    a.    by leading Plaintiffs and putative class members to believe that the amount of such fees were rationally related to expenses incurred by Defendants;

    b.    by leading Plaintiffs and putative class members to believe that Plaintiffs and putative class members were required to pay such fees;

16

c.     by leading Plaintiffs and putative class members to believe that such fees were

not excessive;

d.     by leading Plaintiffs and putative class members to believe that such fees were

legitimate charges.

59.    Defendants also failed to disclose numerous facts to Plaintiffs and putative class members as set out herein. Specifically, Defendants failed to disclose that such fees were excessive and bore no relation to any expenses incurred by Defendants, that such fees were not legitimate charges, that Defendants were wrongfully and unilaterally increasing payments, that Defendants would fail to send to Plaintiffs and putative class members enough information to make an informed decision regarding such fees, and that Plaintiffs and putative class members were not required by their contracts to pay such fees.

60.    Such misrepresentation of material facts and failure to disclose material facts caused financial damage to Plaintiffs and putative class members.

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, seek to recover all damages as a result of such violations, plus interest.

## COUNT SEVEN

## VIOLATION OF OCGA § 7-6A-3 (Georgia Fair Lending Act)

61     Paragraphs 1 through 60 are incorporated by reference.

62.    Defendants are in violation of OCGA § 7-6A-3 entitled "Limitations and Prohibited Practices Related to All Home Loans." Defendants, by charging excessive late fees, are in violation of the entire statute 7-6A-3, and specifically 7-6A-3(3). Such section states "no creditor or servicer may charge a borrower a late payment charge unless the loan documents specifically authorize the

17

charge, the charge is not imposed unless the payment is past due for ten days or more, and the charge does not exceed 5 percent of the amount of the late payment.  A late payment charge may not be imposed more than once with respect to a particular late payment."

65.    Defendants are in violation of this section as the late payments are charged in excess of the statutorily allowable amount and such violation has proximately caused damage to Plaintiff and putative class members. Pursuant to OCGA § 7-6A-7, Plaintiffs on behalf of themselves and putative class members request any and all actual damages to which they may be entitled, statutory damages equal to the recovery of two times the interest paid under each loan, punitive damages, costs and reasonable attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of themselves and putative class members, seek to recover all damages allowable as a result of such violations.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CASE.**

Respectfully submitted,

Rodney E. Miller (Georgia Bar 779467)
Attorney for Plaintiffs

**OF COUNSEL:**
MCCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205
(205) 939-0199 - telephone
(205) 939-0399 - facsimile

18

<u>PLEASE SERVE DEFENDANTS BY PRIVATE PROCESS SERVICE:</u>

GMAC LLC
c/o CT Corporation System
328 Alexander Street, #10
c/o Corporation Process Co.
Marietta, Georgia 30060

GMAC Mortgage, LLC
c/o Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, GA 30092

19

**MUSCOGEE COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

AUG 2 6 2009

~~DEPUTY CLERK~~
M. LINDA PIERCE, CLERK

ANTHONY AND WANDA DONALDSON,
individually and on behalf of all persons
similarly situated,

        **Plaintiffs,**

**v.**

GMAC MORTGAGE, LLC, AND
GMAC LLC,

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action File No.:

SU 09CV 3359 D

## SUMMONS

GMAC LLC
c/o CT Corporation System
328 Alexander Street, #10
c/o Corporation Process Co.
Marietta, Georgia 30060

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of Said Court and serve upon

the Plaintiff's attorney, whose name and address is:

        Rodney E. Miller, Esquire
        McCallum, Methvin & Terrell, P.C.
        2201 Arlington Avenue South
        Birmingham, AL 35205

an answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

This _____26_____ day of _____August_____, 2009.

        Linda Pierce
        ~~Clerk~~ of Superior Court

        By: _____

            Deputy Clerk

### RETURN ON SERVICE

    I hereby certify and return that on the _____ day of _____, 2009, I served this summons together with the complaint as follows:

    \_\_\_\_\_   By personal service on defendant at _____

_____

    \_\_\_\_\_   By serving a person of suitable age and discretion then residing in the defendant's usual place of abode.  (Give name and address of person served). _____

    \_\_\_\_\_   By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association.  (Give name, capacity and address of person served).

_____

_____

    I hereby certify under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

_____         _____

Date                                   Authorized or Specially Appointed Process Server

**MUSCOGEE COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

AUG 2 6 2009

DEPUTY CLERK
M. LINDA PIERCE, CLERK

ANTHONY AND WANDA DONALDSON,
individually and on behalf of all persons
similarly situated,

        Plaintiffs,

v.

GMAC MORTGAGE, LLC, AND
GMAC LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action File No.:

SU09CV3359D

## SUMMONS

GMAC Mortgage, LLC
c/o Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, GA 30092

TO THE ABOVE NAMED DEFENDANT:

      You are hereby summoned and required to file with the Clerk of Said Court and serve upon

the Plaintiff's attorney, whose name and address is:

                    Rodney E. Miller, Esquire
                    McCallum, Methvin & Terrell, P.C.
                    2201 Arlington Avenue South
                    Birmingham, AL 35205

an answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2009.

                    Linda Pierce
                    Clerk of Superior Court

                    By_____
                    Deputy Clerk

## RETURN ON SERVICE

I hereby certify and return that on the _____ day of _____, 2009, I served this summons together with the complaint as follows:

_____   By personal service on defendant at _____

_____

_____   By serving a person of suitable age and discretion then residing in the defendant's usual place of abode.  (Give name and address of person served). _____

_____

_____   By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association.  (Give name, capacity and address of person served).

_____

_____

I hereby certify under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

_____                    _____
Date                                       Authorized or Specially Appointed Process
                                           Server